OPINION
Tremaine Thompson was indicted on three counts of unlawful sexual conduct with a minor, formerly called corruption of a minor. R.C. 2907.04. Each count contained a firearm specification and a specification that Thompson was ten years older than his female victim. The latter specification made each offense a third-degree felony. R.C. 2907.04(B)(3). Eventually, Thompson pleaded guilty to the first count in return for deletion of the firearm specification and dismissal of the other two counts. After obtaining a presentence investigation — which we now have, on our own motion, made part of the record — the trial court imposed a maximum sentence of five years. The trial court found that Thompson had committed the worst form of the offense.
On appeal, Thompson asserts a single assignment of error:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT IMPOSED THE MAXIMUM SENTENCE ON THE DEFENDANT."
Thompson first asserts that the trial court made no finding as to recidivism, which he apparently contends is required before a maximum sentence may be imposed. R.C. 2929.14(C) provides:
 "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
We read this subsection as identifying four discrete categories of offenders upon whom a maximum sentence may be imposed. An offender need fit into only one of the categories to merit a maximum sentence. Having determined that Thompson had committed the worst form of the offense, it was not necessary for the trial court to also find that he posed the greatest likelihood of committing future crimes before imposing a maximum sentence.
Thompson claims the trial court failed to consider the recidivism factors identified in R.C. 2929.12(D). This contention is belied by the record. The trial court's journal entry finds that the factors described at R.C. 2929.12(D)(2), (3) and (5) are present in this case. Nevertheless, whether the trial court considered recidivism is immaterial if it reasonably determined Thompson committed the worst form of the offense.
Turning to that question, Thompson and his fifteen-year old victim had very different accounts of the encounter giving rise to the indictment. Thompson essentially contended that there was a single incident of consensual sexual conduct and that no gun was involved. The victim's version, contained in Det. Hart's "arrest report/probable cause affidavit," is as follows:
 "Arrested Defendant during the investigation of a reported sexual assault at 2207 W Main St., room 116, Springfield, OH, on June 12, 2001. Victim stated she had gone with defendant whom she believed to be 18 years old to `hang out.' Victim stated that Defendant took her to a motel, Knights Inn at 2207 W. Main St., Springfield, OH. Once in the motel room, Victim stated that Defendant locked the door and got out some drugs and alcohol. She stated that Defendant talked to her about some sexual things. She stated that Defendant went to the bathroom and moved the phone away from where she was. A short time later, Defendant came to Victim and started trying to get on top of her. Victim stated she wrestled with defendant trying to get away from him. Victim stated that Defendant had her by the neck holding her down. Victim told Defendant that she did not want to do this. Defendant forced Victim into the shower. Defendant forced Victim to perform oral sex on him. After this, Victim stated that in the main area of room 116, Defendant got a small black handgun and put it to her head. Victim stated that at this time, she began to co-operate with Defendant because she was afraid he would hurt her. Victim stated that Defendant put his penis in her vagina and her mouth several other times over the next hour or so. The next morning, Defendant took Victim to Rite Aid on W. North St., where a friend took Victim home. Victim went to Mercy Medical Center where evidence was collected.
 "On June 14, 2001, Victim made a recorded telephone call to Defendant during which Defendant admitted that Victim had told him no but later she had consented to having sex with him. Defendant stated that the gun was just in case someone tried to break the windows out. He stated that Victim misunderstood what he was doing with it. He stated he just wanted to have it close to her just in case."
At sentencing, counsel for Thompson argued that had the sexual conduct not been consensual, the grand jury would have indicted him for the more serious crime of rape. Counsel declined to address whether a firearm was involved. ("Whether a firearm was in the room or not, I don't know. . . .")
The trial court provided a lengthy explanation of why it chose not to believe Thompson's account, all of which finds support in the record. Furthermore, the trial court was free to ignore the grand jury's not indicting Thompson for rape in determining whether the sexual conduct had been forcible.
Unlawful sexual conduct with a minor is defined by R.C. 2907.04(A) as follows:
 "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
Sexual conduct compelled by force or threat of force is rape, a first degree felony. R.C. 2907.02(A)(2), B.
Here, the victim's account was that Thompson compelled her to engage in sexual conduct by force and threat of force. In our judgment, the trial court reasonably credited the victim's account. Believing that Thompson had actually committed the offense of rape, a first degree felony, the trial court reasonably concluded that Thompson's conduct was the worst form of the offense of unlawful sexual conduct with a minor, a third-degree felony of which force or threat of force is not an element.
The assignment of error is overruled.
The judgment will be affirmed.
BROGAN and FAIN, JJ., concur.